21318. GEORGIA SOUTHERN AND FLORIDA RAILWAY COMPANY *v.* TOWN OF LENOX.

STEPHENS, J. 1. The act approved February 28, 1874 (Ga. L. 1874, p. 109), and codified in section 864 of the Civil Code of 1910, which limits the power of municipal corporations, with the exception of the City of Savannah, to a tax levy of one half of one per cent. for the payment of

the "ordinary current expenses" of the municipal corporation (which is not territorially a general law, as was held in *City of Cochran* v. *Lanfair*, 139 *Ga.* 249, 77 S. E. 95), has application to municipal corporations, with the exception of Savannah, thereafter created, except in so far as its provisions may be subsequently modified or repealed. The provisions of this act, therefore, unless they have been modified or repealed, apply to the municipality known as the Town of Lenox, which was created by an act approved December 12, 1901 (Ga. L. 1901, p. 510). The provision in section 15 of that act, which limits the taxing power of the Town of Lenox to "one half of one per cent. on all property, real or personal, subject to the State tax within the corporate limits of said town for the purpose of paying the expense of said town, and for the system of public schools hereinafter provided for," and which was amended by an act approved July 30, 1927 (Ga. L. 1927, p. 1279), so as to limit the taxing power for such purposes to "one per cent.," places a limit on the taxing power of the town of one per cent. on the taxable property, for the purpose of "paying the expense" of the town and for the maintenance of a system of public schools in the town, and thereby authorizes a tax levy for all such purposes in that amount, but does not authorize a tax levy of one per cent. for the purpose of paying the ordinary current expenses only, and therefore does not repeal the provision in the act of 1874 which limits to one half of one per cent. a tax levy made for the purpose of paying only the "ordinary current expenses" of all municipalities, except Savannah, including the Town of Lenox. This is true notwithstanding no school system was provided in either the act of 1901 or the act of 1927, and no school system was ever provided for or established in and for the Town of Lenox. A tax levy of ten mills, which is one per cent., on the taxable property within the limits of the town, made in the year 1928 by the Town of Lenox, "to meet the current expenses of the town," was excessive by five mills.

2. The court erred in not sustaining the affidavit of illegality of the Georgia Southern & Florida Railway Company, a tax-payer, in which the tax levy was excepted to as being excessive by five mills, where it appeared that the affiant had tendered payment of the amount of the tax levied which the affiant admitted was due.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 9, 1932.

*J. E. Hall, C. J. Bloch, H. W. Nelson, C. Elmer Jackson,* for plaintiff in error.

*C. E. Parrish,* contra.